983 F.2d 1067
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bret J. KEEHL, Plaintiff-Appellant,
v.
Robert KRICHKE, and The Township of Hamburg, Jointly and
Severally, Defendants-Appellees; and
Patrick DeBOTTIS, Defendant.
 No. 92-1201.
 United States Court of Appeals, Sixth Circuit.
 Dec. 23, 1992.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant Bret J. Keehl brought this civil rights action against Defendants Chief of Police Robert Krichke, The Township of Hamburg ("Hamburg"), and Officer Patrick DeBottis, for damages arising from an alleged violation of his First, Fourth, Fifth, and Fourteenth Amendment rights. See J.A. at 9. Keehl claims that his constitutional rights were violated when he was arrested, detained, and charged with assault with intent to commit the murder of a police officer. We reject his claims.
 
 
 2
 On November 9, 1988, Keehl was observed speeding on his motorcycle by Officer DeBottis. A chase ensued. Keehl fell off of his bike, and eluded DeBottis on foot. DeBottis and Chief Krichke were able to track down Keehl at Hamburg's post office, where Keehl was employed. Keehl was handcuffed and transported to the Livingston County [Michigan] Jail, where he was held for fifteen days before posting bond for his release. Upon DeBottis giving his account of the incident, Keehl was charged with assault to commit the murder of a police officer. Specifically, DeBottis claimed that Keehl shot at him while fleeing on foot. The assault charge was dropped on June 13, 1989, in exchange for a guilty plea to fleeing and eluding a police officer.
 
 
 3
 Keehl maintains that he never shot at DeBottis, and that such a false and malicious allegation did him harm. See id. at 12, 14. On April 16, 1990, Keehl filed suit against the Defendants, claiming that as a result of the arrest, detention, and assault charge, he suffered, inter alia, extreme mental anguish, humiliation and damage to his reputation in the small town of Hamburg. He also claims to have lost his job as a postal clerk for a period of one year as a result of the assault charge. See id. at 14-15.
 
 
 4
 Defendants-Appellees Krichke and Hamburg filed a Motion for Summary Judgment. In November 1991, the district court issued a Memorandum Opinion and Order and entered Partial Judgment against Keehl, granting the Motion for Summary Judgment and dismissing Krichke and Hamburg from the case. See id. at 57, 59. Keehl moved that the Partial Judgment be amended to state that no just reason existed for delaying its appeal. On January 9, 1992, the district court granted Keehl's motion. Keehl filed his Notice of Appeal on February 5, 1992. The district court subsequently entered an Amended Partial Judgment, dated February 25, 1992.
 
 
 5
 Having carefully reviewed the record and the issues presented in the appellate briefs, we find no error warranting reversal. Therefore, we AFFIRM the decision of the Honorable Stewart A. Newblatt, United States District Judge for the Eastern District of Michigan, for the reasons stated in his November 1991 Memorandum Opinion and Order. See id. at 49-57.